**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | |
|---|---|
| PAMELA JEANINE MOSES,      ) <br>      ) <br>     Plaintiff,      ) <br>      ) <br> v.      ) <br>      ) <br> BILL LEE, in his Official Capacity as      ) <br> Governor of the State of Tennessee, et al.,      ) <br>      ) <br>     Defendants.      ) | No. 2:26-cv-02533-TLP-cgc |

---

**ORDER REQUIRING BRIEFING**

---

Pro se Plaintiff Pamela Moses sues Defendants Bill Lee, Cameron Sexton, Jack Johnson, the Tennessee General Assembly, Mark Goins, and Linda Phillips challenging Tennessee's recent mid-decade redistricting of congressional electoral districts.[1]  (ECF No. 2.)  She also seeks a temporary restraining order and preliminary injunction preventing the new map from taking effect.  (*Id.* at PageID 12–13.)  Plaintiff claims that the new electoral map and the process of creating it, including the repeal of a state law prohibiting mid-decade redistricting, violates various provisions of the U.S. Constitution, federal law, and state law.  (*See Id.* at PageID 5–11.) Plaintiff filed her Complaint and Motion for a Temporary Restraining Order on May 8, 2026. (*Id.*)  That same day Judge Norris recused himself from presiding over the case and it was transferred here.  (ECF No. 7–8.)

---

[1] The Court respectfully **DIRECTS** the Clerk to add the Tennessee General Assembly as a Defendant.

1

Plaintiff is an Independent candidate running for the U.S. House of Representatives in Tennessee's former Eighth Congressional District in the 2026 midterm elections.  (*Id.* at PageID 3.)  Tennessee's new congressional electoral map divides the former Eighth Congressional District amongst the new Fifth, Eighth, and Ninth Congressional Districts.  *See 2026 Congressional Redistricting,* Tennessee Secretary of State, https://sos.tn.gov/announcements/2026-congressional-redistricting (last visited May 13, 2026). With a deadline of noon on May 15, 2026, Tennessee gave existing candidates, including Plaintiff, the option to (1) "[r]un in the new district that has the same district number that appears on the original nominating petition," (2) "[r]un in a new district that has a different district number than what appeared on the petition by filing a notarized statement with the coordinator of elections," or (3) "[w]ithdraw . . . by filing a notarized statement with the coordinator of elections."  *Id.*; (ECF No. 2 at PageID 16.)

Under 28 U.S.C. § 2284(a), "[a] district court of three judges shall be convened when . . . an action is filed challenging the constitutionality of the apportionment of congressional districts . . . ."  The Sixth Circuit notes that "[t]his statute 'giv[es] the district judge a limited jurisdiction to determine whether such a case shall be heard by one judge [. . .] or heard by a three-judge district court [. . . .]'"  *Simon v. DeWine*, 98 F.4th 661, 664 (6th Cir. 2024) (quoting *Armour v. Ohio*, 925 F.2d 987, 989 (6th Cir. 1991))  And  "When considering a request for a three-judge court, 'all the district judge must 'determin[e]' is whether the 'request for three judges' is made in a case covered by § 2284(a)—no more, no less.'"  *Id.* (quoting *Shapiro v. McManus*, 577 U.S. 39, 44 (2015).  But a three-judge court is unnecessary "where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts."  *Shapiro,* 577 U.S. 44–45.

2

Thus the Court is limited here to determining whether it must empanel a three-judge court under § 2284.  The Court therefore **DEFERS** ruling on temporary injunctive relief until it determines the necessity of a three-judge court.  Instead, the Court **ORDERS** the Parties to brief the Court on (1) whether a three-judge court under § 2284 is necessary here, (2) whether the Court has subject matter jurisdiction over this case, and (3) whether the United States District Court for the Western District of Tennessee is the correct venue for this case.  The Parties have until May 22, 2026, to file briefs addressing the issues the Court has identified above.  The Parties may also address any other issues they deem pertinent to the Court's deliberations.

## **CONCLUSION**

For the reasons above, the Court **DEFERS** ruling on injunctive relief and **ORDERS** the Parties to brief it on the necessity of a three-judge district court.

**SO ORDERED**, this 13th day of May, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

3