**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| PAMELA JEANINE MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:26-cv-02533-TLP-cgc |
| v. | ) | |
| | ) | |
| BILL LEE, in his Official Capacity as | ) | |
| Governor of the State of Tennessee, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TRANSFERING CASE**

Pro se Plaintiff Pamela Moses sues Defendants Bill Lee, Cameron Sexton, Jack Johnson, the Tennessee General Assembly, Mark Goins, and Linda Phillips challenging Tennessee's recent mid-decade redistricting of congressional electoral districts. (ECF No. 2.) She also seeks a temporary restraining order and preliminary injunction preventing the new map from taking effect. (*Id.* at PageID 12–13; ECF No. 11.) Plaintiff claims that the new electoral map and the process of creating it, including the repeal of a state law prohibiting mid-decade redistricting, violates various provisions of the U.S. Constitution, federal law, and state law. (*See* ECF No. 2 at PageID 5–11.)

Plaintiff sued here on May 8, 2026. (*Id.*) The Court ordered the Parties to provide briefs on the need for a three-judge court under 28 U.S.C. § 2284, subject matter jurisdiction, and venue. (ECF No. 10.) Plaintiff responded and moved a second time for a temporary restraining

1

order.  (ECF Nos. 11–12.)[1]  Defendants responded.  (ECF No. 16.)  And several Defendants responded to the second Motion for a Temporary Restraining Order and moved to dismiss for lack of jurisdiction.  (ECF Nos. 17–18.)

Plaintiff is an Independent candidate running for the U.S. House of Representatives in Tennessee's former Eighth Congressional District in the 2026 midterm elections.  (*Id.* at PageID 3.)  Tennessee's new congressional electoral map divides the former Eighth Congressional District among the new Fifth, Eighth, and Ninth Congressional Districts.  *See 2026 Congressional Redistricting,* Tennessee Secretary of State, https://sos.tn.gov/announcements/2026-congressional-redistricting (last visited May 25, 2026).  With a deadline of noon on May 15, 2026, Tennessee gave existing candidates, including Plaintiff, the option to (1) "[r]un in the new district that has the same district number that appears on the original nominating petition," (2) "[r]un in a new district that has a different district number than what appeared on the petition by filing a notarized statement with the coordinator of elections," or (3) "[w]ithdraw . . . by filing a notarized statement with the coordinator of elections."  *Id.*; (ECF No. 2 at PageID 16.)  Plaintiff chose to run in the new Eighth Congressional District.  (ECF No. 16 at PageID 96.)

In Defendants' Response to the Court's Order for Briefing, they highlight the Sixth Circuit's prudential first-to-file rule.  (*Id.* at PageID 102.)  The first-to-file rule counsels district courts to consolidate, stay, or dismiss "cases containing substantially similar issues," with priority given to the first-filed case, which "should generally proceed to judgment."  *SNMP Rsch., Inc. v. Avaya, Inc.*, 2013 WL 474846, at *3, 7 (E.D. Tenn. Feb. 7, 2013) (quotations

---

[1] Given Chief Judge Campbell's denial of a Temporary Restraining Order in *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.) and Defendants' briefing here, the Court is skeptical that Plaintiff's Motion for a Temporary Restraining Order is meritorious here.

omitted).  "The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).

To determine whether to consolidate, courts consider "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *NCR Corp. v. First Fin. Comput. Servs., Inc.*, 492 F. Supp. 2d 864, 866 (S.D. Ohio 2007) (citation omitted).  And "[d]istrict courts have the discretion to dispense with the first-to-file rule where equity so demands." *SNMP Rsch., Inc.*, 2013 WL 474846, at *3 (quotation omitted). "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* (quotation omitted).

Looking at those criteria, the Court finds that the first-to-file rule applies here.  Several cases challenging Tennessee's mid-decade redistricting have already been consolidated in the United States District Court for the Middle District of Tennessee, and Chief Judge Campbell has applied for a three-judge court under § 2284.  *See Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.) (filed May 7, 2026); *Sherman v. Hargett*, No. 3:26-cv-00616 (M.D. Tenn.); *Tenn. State Conf. of the NAACP v. Hargett*, No. 3:26-cv-00638 (M.D. Tenn.).  And, as Defendants' note, *Hale* is the first filed case, and all the cases involve "nearly identical parties and issues." (ECF No. 16 at PageID 102 (quoting *Baatz*, 814 F.3d at 789.)

Each case sues the Governor and Coordinator of Elections.  (*Id.*)  Each case challenges the 2026 congressional map and modified candidate qualifying requirements.  (*Id.* at PageID 103.)  And each complaint seeks to force the state to abandon its new map and return to its old map.  (*Id.*)  And so transferring this case to the Middle District to be consolidated with the other redistricting cases would therefore conserve judicial resources and prevent potentially conflicting

rulings on identical legal issues.  The Court also finds no "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping" that would persuade it to keep the case.  *SNMP Rsch., Inc.*, 2013 WL 474846, at *3 (quotation omitted).

The last issue the Court must consider is whether this case meets the statutory requirements for transferring the case under 28 U.S.C. §1404(a).  Section 1404(a) allows a district court to transfer a case "to any other district or division where it might have been brought."  A court can do this "[f]or the convenience of parties and witnesses, in the interest of justice."

First, Plaintiff could have brought this case in the Middle District because several Defendants reside there.  *See* 28 U.S.C. §1391(b)(1).  And when determining the convenience of the parties and witnesses and the interests of justice, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quotation omitted).  As Defendants note, the only factor weighing against transfer here is that Plaintiff chose the Western District of Tennessee.  (ECF No. 16 at PageID 103.)  But almost all the witnesses and Defendants are in the Middle District.  (*Id.*)  And because each of these redistricting cases could impact the upcoming elections for the entire state, ensuring that all of the cases are decided uniformly by a single court is paramount.  (*Id.* at PageID 103–04.)  And lastly, if the Court were to keep this case, its work and analysis would likely duplicate that of the court in the Middle District.

The Court therefore finds that transfer is warranted here under the first-to-file-rule and §1404(a).  As a result, the Court **TRANSFERS** the case to the Middle District.

## CONCLUSION

For the reasons above, the Court respectfully directs the Clerk to **TRANSFER** this case, including all filings, to the United States District for the Middle District of Tennessee.

**SO ORDERED**, this 25th day of May, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE